**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RONALD RIVERS, ET AL** | * | **CIVIL ACTION** |
| | * | **NO: 06-8519** |
| **VERSUS** | * | |
| | * | **JUDGE: FALLON** |
| **CHALMETTE MEDICAL CENTER, INC.,** | * | |
| **ET AL** | * | **MAGISTRATE: ROBY** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# ANSWER AND REQUEST FOR TRIAL BY JURY OF CHALMETTE MEDICAL CENTER, INC., UNIVERSAL HEALTH SERVICES, INC. AND UHS OF DELAWARE, INC. TO PLAINTIFFS' ORIGINAL CLASS ACTION PETITION FOR DAMAGES AND FIRST, SECOND AND THIRD AMENDING COMPLAINTS

Defendants Chalmette Medical Center, Inc., Universal Health Services, Inc. and UHS of Delaware, Inc., through undersigned counsel, respectfully submit the following Answer to Plaintiffs' Original Class Action Petition for Damages and First, Second and Third Amending Complaints as follows:

-1-

## FIRST DEFENSE

Plaintiffs fail to state a claim and/or cause of action upon which relief can be granted and accordingly this matter should be dismissed. Defendants reserve the right to assert all other defenses pursuant to F.R.C.P. 12(b). Universal Health Services, Inc. reserves the right to assert any and all of the jurisdictional arguments and defenses raised in its Motion to Dismiss, the allegations of which are incorporated herein.

## SECOND DEFENSE

At all times relevant hereto, Chalmette Medical Center, Inc. was a duly qualified healthcare provider pursuant to the Louisiana Medical Malpractice Act (La. R.S. § 40:1299.41, *et seq.*) and Plaintiffs' claims, which are expressly denied, are premature for failure to first submit such claims to a medical review panel.

## THIRD DEFENSE

At all times relevant hereto, Chalmette Medical Center, Inc. was a duly qualified healthcare provider pursuant to the Louisiana Medical Malpractice Act (La. R.S. § 40:1299.41, *et seq.*) and Defendants plead all privileges, immunities and limitations of liability of said legislation, specifically under LSA-R.S. § 40:1299.42, with the result that the total amount recoverable hereto, if any, may not exceed $500,000.00 plus interests and costs and the amount recoverable against Defendants, if any, may not exceed the sum of $100,000.00.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the Louisiana Workers' Compensation Act (La. R.S. § 23:1032, *et seq.*) and Plaintiffs are relegated to workers' compensation as the exclusive remedy for their alleged injuries.

**FIFTH DEFENSE**

Defendants are immune from liability for alleged injuries and/or damages asserted by Plaintiffs pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act's immunity provisions (La. R.S. §§ 29:733.1, 29:735.1 and 29:735.2) and Louisiana's Good Samaritan provisions (La. R.S. § 9:2793 and § 37:1731).

**SIXTH DEFENSE**

Plaintiffs' claims and causes of action are barred by applicable prescriptive periods, the doctrine of laches and the doctrines of waiver and/or estoppel.

**SEVENTH DEFENSE**

Plaintiffs failed to join a party or parties whose joinder is necessary for the just adjudication of Plaintiffs' claims.

**EIGHTH DEFENSE**

Plaintiffs lack procedural capacity to pursue the claims asserted against Defendants.

**NINTH DEFENSE**

This matter should not proceed as a class action for the following reasons, including but not limited to:

    a.    Plaintiffs' alleged injuries are not common to the class which they seek to represent and they cannot, therefore, proceed in a representative capacity;

    b.       The class is not so numerous as to render joinder of all members impracticable;

    c.       This dispute involves predominately individual factual issues;

    d.       The claims of the named class members are not typical of the putative class;

    e.       The named plaintiffs cannot adequately represent or protect the interests of the class;

    f.       This dispute involves predominately individual legal issues regarding causation, liability and damages; and

    g.       There are other superior methods of resolving this dispute.

## TENTH DEFENSE

Defendants expressly deny any and all allegations of negligence, gross negligence, criminal negligence, fault, medical malpractice, strict liability, premises liability, intentional wrongdoing or any other allegation of liability against Defendants.

## ELEVENTH DEFENSE

Defendants are entitled to the protections of the *force majeure* or "Act of God" defense given that any injuries suffered by Plaintiffs and/or the decedents (same being denied) are the sole result of the consequences of Hurricane Katrina, which was an "Act of God" and unforeseeable occurrence, and not any fault or negligence of Defendants.

## TWELFTH DEFENSE

Plaintiffs' claims (same being denied) are barred, in whole or in part, because such claims arose from acts or conditions, which were not foreseeable, were unavoidable under the circumstances and/or were beyond Defendants' control. Specifically, the consequences of Hurricane Katrina, including its unprecedented flooding, were not foreseeable to Defendants. Defendants did not have

a duty to prevent or protect against the consequences of unforeseeable, unavoidable and uncontrollable events.

## THIRTEENTH DEFENSE

At all material times, Defendants' conduct was in conformity with the applicable standards of care imposed upon them under the law and Defendants breached no duty to Plaintiffs and/or the decedents and thus Defendants deny that they are liable to Plaintiffs and deny that Plaintiffs and/or the decedents have suffered any damages.

## FOURTEENTH DEFENSE

At all material times, Plaintiffs and/or the decedents were properly treated in accordance with the standard of care applicable to similarly situated healthcare providers within the medical community.

## FIFTEENTH DEFENSE

At all material times, Defendants' actions complied with any and all local, state and federal laws and regulations and industry standards applicable to healthcare facilities, including but not limited to those addressing hospital emergency preparedness planning and the design and construction of emergency power systems in healthcare facilities.

## SIXTEENTH DEFENSE

Defendants deny that any alleged breach of duty owed to Plaintiffs and/or the decedents (same being denied) was a legal or proximate cause of Plaintiffs' and/or the decedents' alleged injuries.

**SEVENTEENTH DEFENSE**

The conditions at Chalmette Medical Center were not defective and did not create an unreasonable risk of harm to Plaintiffs and/or the decedents, and Defendants did not have actual or constructive knowledge of any alleged defective conditions at Chalmette Medical Center (same being denied). Defendants, in the exercise of reasonable care, could not have prevented any defective conditions that are alleged to have existed (same being denied) at Chalmette Medical Center.

**EIGHTEENTH DEFENSE**

The sole and/or comparative contributing cause of the injuries alleged by Plaintiffs (same being denied) was the negligence of Plaintiffs and/or the decedents in the following ways, including but not limited to:

   a.   Failing to protect their own personal well-being;

   b.   Acting contrary to medical advice and/or failing to adhere to proper medical instructions;

   c.   In seeking admission to and/or shelter at Chalmette Medical Center, Inc. on the eve of Hurricane Katrina and/or thereafter;

   d.   In failing to evacuate from the area at an earlier time; and

   e.   Any and all other negligent or wrongful acts or omissions which may be revealed during discovery and/or proven at trial.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent that such claims arose from acts or conditions to which Plaintiffs and/or the decedents consented by failing to heed the same warnings which they allege Defendants failed to heed (same being denied).

**TWENTIETH DEFENSE**

If Defendants are liable to Plaintiffs for any alleged damages (same being denied), Plaintiffs' recovery should be reduced in proportion to their own failure to take reasonable steps to mitigate their damages or reduce or otherwise ameliorate the extent or effect of those injuries, which failure constitutes a breach of their duty to mitigate damages and should proportionally reduce any recovery.

**TWENTY-FIRST DEFENSE**

The injuries allegedly sustained by Plaintiffs and/or decedents (same being denied) occurred as a result of pre-existing medical conditions, causes or injuries which are completely unrelated to Defendants and the existence of these pre-existing medical conditions, causes or injuries are a bar to and/or mitigating factor to any recovery sought by Plaintiffs.

**TWENTY-SECOND DEFENSE**

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by intervening and/or superseding causes that were the proximate and/or sole cause of such injuries, and not any alleged conduct by Defendants.

**TWENTY-THIRD DEFENSE**

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by the fault of third parties over whom Defendants had no control, authority or supervision and for whom Defendants cannot be held liable.

**TWENTY-FOURTH DEFENSE**

If Plaintiffs are entitled to recover from Defendants, which is expressly denied, Plaintiffs' recovery is barred and/or reduced in proportion to the degrees or percentages of fault attributable to Plaintiffs, the decedents and/or any other person, entity or individual to whom a percentage of fault

is attributed, regardless of whether or not said person, entity or individual is a party to this action and regardless of whether or not said person, entity or individual is immune, statutorily or otherwise.

## TWENTY-FIFTH DEFENSE

As a result of Hurricane Katrina and the failure of the levee system protecting St. Bernard Parish, Defendants' property was inundated with storm surge waters and heavily damaged. Any and all damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused in whole or in part by Hurricane Katrina, the failure of the levee system and the fault of the U.S. Army Corp of Engineers ("USACE"), state levee districts and/or other public or private entities involved in the design, construction and maintenance of the levee system for whom Defendants are not responsible. Defendants contend that these and other entities are at fault in numerous respects, which included but are not limited to the following:

- a. The USACE had a duty to protect Plaintiffs and/or the decedents from the consequences of hurricane-induced storm surge pursuant to the Flood Control Act of 1965, Pub. L. 89-298, § 204, 79 Stat. 1076 (Oct. 27, 1965). *See* 33 U.S.C. 701, *et seq.*;

- b. The State of Louisiana had an inherent duty to protect Plaintiffs and/or the decedents from the consequences of hurricane-induced storm surge, which had been delegated to the state's levee districts, including the Lake Borgne Levee District, pursuant to La. R.S. § 38:281(6); La. R.S. § 38:325(A)(1) and (2); and La. R.S. § 38:327;

- c. The USACE and/or the State's levee districts acted negligently in failing to properly design, construct and maintain the Gulf Intercoastal Waterway (GIWW) and

        Mississippi River Gulf Outlet (MRGO), including but not limited to, in the following ways:

        (i)    To prevent the "funneling" effect which negligently accelerated the rate at which hurricane-churned water headed into St. Bernard Parish; and

        (ii)    To prevent the channels from exacerbating the loss of natural coastal hurricane barriers over many years which increased the impact of the storm surge from hurricanes on the levee system and which caused major portions of the levee system protecting St. Bernard Parish to fail during Hurricane Katrina.

d.    The USACE and/or the State's levee districts acted negligently in failing to adequately warn Defendants regarding their failures to properly design, construct and maintain the levee systems;

e.    Chalmette Medial Center, Inc. would not have sustained any significant flooding related to Hurricane Katrina but for the USACE's and/or State's levee districts' negligence in designing, constructing and maintaining the levee system protecting St. Bernard Parish, and more specifically, in failing to construct the levees to their authorized designed heights, failing to use non-erodable materials to construct the levees and failing to adequately account for subsidence in designing and constructing the levees; and

f.    Plaintiffs and/or the decedents' alleged injuries (same being denied) were foreseeable to the USACE and/or the State's levee districts and were within the scope of

protection afforded by the duty of the USACE and/or the State's levee districts to protect citizens from hurricane induced storm surge.

## TWENTY-SIXTH DEFENSE

Any and all damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by the fault of, including, but not limited to, the Federal Government, the Federal Emergency Management Agency ("FEMA"), the State of Louisiana, the Parish of St. Bernard and others for whom Defendants are not responsible. Defendants contend that these and other entities are at fault in numerous respects, which included, but are not limited to, the following:

a. The Parish of St. Bernard acted negligently by failing to issue a mandatory evacuation order prior to Hurricane Katrina and by failing to request State assistance more quickly, which resulted in a late response by both the Federal and State governments to assist in relief and evacuation efforts for Chalmette Medical Center;

b. The State of Louisiana acted negligently by failing to request federal assistance more quickly, which resulted in a late response by both the Federal and State governments to assist in relief and evacuation efforts for Chalmette Medical Center;

c. The Federal Government, including but not limited to FEMA, acted negligently by failing to respond more quickly to provide relief and evacuation assistance to Chalmette Medical Center;

d. The Federal Government, including but not limited to FEMA, acted negligently by interfering with private relief efforts directed toward Chalmette Medical Center;

  e.  The Federal Government, State of Louisiana and/or St. Bernard Parish had a duty to provide resources for the evacuation of Chalmette Medical Center, before and after Hurricane Katrina's landfall, and acted negligently by failing to do so; and

  f.  Local, State, Federal, other emergency officials and/or other first responders, over whom Defendants had no control, acted negligently by failing to evacuate Plaintiffs and/or the decedents to safe locations following their evacuation from Chalmette Medical Center.

### TWENTY-SEVENTH DEFENSE

Any damages alleged to have been suffered by Plaintiffs and/or the decedents (same being denied) were caused by the fault of other health care providers, first responders and/or any other individuals who treated, cared for or aided Plaintiffs and/or the decedents in the aftermath of Hurricane Katrina.

### TWENTY-EIGHTH DEFENSE

To the extent that Plaintiffs have filed concurrent claims under state statutes and other legal grounds, those claims should be treated as alternative claims for one alleged harm for which Plaintiffs are not entitled to multiple recoveries.

### TWENTY-NINTH DEFENSE

To the extent any affirmative defenses pled herein are contradictory, mutually exclusive or otherwise inconsistent, such defenses are pleaded in the alternative.

## THIRTIETH DEFENSE

Defendants adopt any and all affirmative defenses available to them that may later be deemed relevant to these proceedings, and specifically reserve the right to amend their Answer to assert such defenses.

**AND NOW, ANSWERING THE SPECIFIC ALLEGATIONS OF THE COMPLAINTS, DEFENDANTS AVER:**

I.

The allegation of Paragraph 1(a) of the original petition as to the status of Chalmette Medical Center, Inc. is admitted. The allegation of Paragraph 1(b) of the original petition as to the status of Universal Health Services, Inc. is admitted only in that Universal Health Services, Inc. is a foreign corporation. Otherwise the allegations of Paragraph 1 of the original petition are denied. The allegations of Paragraph 1(c) as amended as to the status of UHS of Delaware, Inc. is admitted, otherwise the allegations of Paragraph 1(c) as amended are denied.

II.

The allegations of Paragraph 2 of the original petition are denied.

III.

The allegations of Paragraph 3 of the original petition are denied.

IV.

Defendants deny the allegations contained in Paragraph 4 of the original petition and specifically deny that this action is appropriate for adjudication as a class action as to any issue identified in the original and amending complaints.

V.

Defendants admit that Hurricane Katrina made landfall in St. Bernard Parish on August 29, 2005.

VI.

The allegations of Paragraph 6 of the original petition are denied.

VII.

The allegations of Paragraph 7 of the original petition are denied.

VIII.

As to the allegations of Paragraph 8 of the original petition, it is admitted that persons, including Nhan Dao, were located on the Chalmette Medical Center, Inc. premises before, during and after Hurricane Katrina made landfall, but it is denied that Rufus Rivers was on the premises of Chalmette Medical Center, Inc. on August 29, 2005 or that he was subsequently present at the facility.

IX.

The allegations of Paragraph 9 of the original petition are denied and it is denied that Rufus Rivers was on the premises of Chalmette Medical Center, Inc. on August 29, 2005 or that he was subsequently present at the facility.

X.

The allegations of Paragraph 10 of the original petition are denied.

XI.

The allegations of Paragraph 11 of the original petition are admitted only in that some patients died on the premises of Chalmette Medical Center, Inc. after Hurricane Katrina, otherwise

the allegations of Paragraph 11 are denied and it is specifically denied that Rufus Rivers or Nhan Dao died on the premises of Chalmette Medical Center, Inc.

XII.

The allegations of Paragraph 12 of the original petition are denied.

XIII.

The allegations of Paragraph 13 of the original petition are denied and it is denied that Rufus Rivers was on the premises of Chalmette Medical Center, Inc. on August 29, 2005 or that he was subsequently present at the facility.

XIV.

Defendants have no information or knowledge to admit or deny the allegations in Paragraph 14 of the original petition, and on that basis deny those allegations.

XV.

Defendants have no information or knowledge to admit or deny the allegations in Paragraph 15 of the original petition, and on that basis deny those allegations. Defendants deny all allegations of Paragraph 15 as amended by and specifically deny all allegations of intentional acts by Defendants.

XVI.

Paragraph 16 does not appear to require a response, but in an abundance of caution, the allegations of Paragraph 16 of the original petition are denied.

XVII.

The allegations of Paragraph 17 of the original petition are denied.

XVIII.

The allegations of Paragraph 18 of the original petition are denied.

XIX.

The allegations of Paragraph 19 of the original petition are denied.

XX.

The allegations of Paragraph 20 of the Supplemental and Amending Complaint of the Dao Plaintiffs are denied and Defendants further aver that a medical review panel of Nhan Dao's medical malpractice claims found that neither Chalmette Medical Center, Inc. nor its employees breached the standard of care in treating Nhan Dao.

XXI.

Any additional allegations of the original Class Action Petition for Damages, First, Second and Third Amending Complaints are denied.

XXII.

Defendants request a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for a trial by jury and that after due proceedings:

(1) this Court dismiss Plaintiffs' claims and demands;

(2) Plaintiffs take nothing by this action and their claims and demands be dismissed with prejudice at Plaintiffs' costs;

(3) Defendants be awarded all attorneys' fees, costs and expenses incurred herein; and

(4)     Defendants be awarded all other general or equitable relief that this Court is competent to grant and to which Defendants may be justly entitled.

**Respectfully submitted by,**

    /s/ *David A. Bowling*
**DAVID A. BOWLING, ESQ. (#1726)**
**SUSANNAH C. McKINNEY, ESQ. (#24349)**
**WILSON , BOWLING & MCKINNEY, APLC**
**Place St. Charles**
**201 St. Charles Avenue , Suite 2411**
**New Orleans, Louisiana  70710-2411**
**Telephone:     (504) 586-5200**
**Facsimile:     (504) 586-5201**
**ATTORNEYS FOR CHALMETTE MEDICAL CENTER, INC., UNIVERSAL HEALTH SERVICES, INC. AND UHS OF DELAWARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2009, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and served the following counsel via the Court's CM/ECF service:

**ANTHONY D. IRPINO, ESQ.**
Irpino Law Firm
One Canal Place
365 Canal Street, Suite 2290
New Orleans, LA 70130
Telephone:     (504) 525-1500
Facsimile:     (504) 525-1500

**RODERICK "RICO" ALVENDIA, ESQ.**
Law Office of Alvendia, Kelly & Demarest, L.L.C.
1515 Poydras Street, Suite 1500
New Orleans, LA 70112
Telephone:     (504) 482-5811
Facsimile:     (504) 523-0699

**TODD P. SLACK, ESQ.**
Gainsburgh, Benjamin, David,
 Meunier & Warshauer
100 Poydras St., Suite 2800
New Orleans, LA 70122
Telephone:     (504) 522-2304
Facsimile:     (504) 528-9973

**LAURENCE E. BEST, ESQ.**
**PETER S. KOEPPEL, ESQ.**
Best Koeppel, A.P.L.C.
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone:     (504) 598-1000
Facsimile:     (504) 524-1024

**MARK P. GLAGO, ESQ.**
The Glago Law Firm, L.L.C.
Energy Center - Suite 2950
1100 Poydras Street
New Orleans, LA 70163
Telephone:     (504) 599-8666
Facsimile:     (504) 599-8699

**VAL P. EXNICIOS, ESQ.**
Liska, Exnicios & Nungesser
365 Canal Street, Suite 2290
New Orleans, LA 70130
Telephone:     (504) 410-9611
Facsimile:     (504) 410-9937

**LISA M. AFRICK, ESQ.**
St. Martin, Williams & Bourgue
365 Canal Street, Suite 2290
New Orleans, LA 70130
Telephone:     (504) 410-9611
Facsimile:     (504) 410-9937

A copy of the foregoing will also be served by depositing the same in U.S. Mail postage prepaid this 5th day of February 2009 to the following:

**TAMMIE HOLLEY, ESQ.**
**201 St. Charles Ave., Ste. 2538**
**New Orleans, Louisiana 70170**
**Telephone:      (504) 599-5943**
**Facsimile:       (504) 524-7979**

　　　　　　　　　　　　　　　　　　　　　　　　　　 **/s/ David A. Bowling**
　　　　　　　　　　　　　　　　　　　　　　　　**DAVID A. BOWLING, ESQ. (#1726)**
　　　　　　　　　　　　　　　　　　　　　　　　**SUSANNAH C. McKINNEY, ESQ. (#24349)**

p:\30518\Plead\USDC\Def-Answer-020509