UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD RIVERS, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 06-8519 |
| CHALMETTE MEDICAL CENTER, INC., ET AL. | SECTION "L" (4) |

## ORDER & REASONS

Currently pending before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 173). Additionally, a similar motion is before the Court in *Miriam Samuel, et al. v. Universal Health Services*, Case No. 06-7234, Rec. Doc. 147.[1] After considering the parties' briefing and arguments, as well as the applicable law, IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

## I.  BACKGROUND

The present case arises from the injuries to and deaths of patients at Chalmette Medical Center, Inc. ("CMC") in St. Bernard Parish following Hurricane Katrina in late August and early September, 2005.[2] The Court has set forth the factual and procedural history in greater detail in a prior Order and Reasons denying a motion to certify a class action. *Rivers, et al. v. Chalmette Medical Center, et al.*, No. 06-8519, 2010 WL 2428662 (E.D. La. June 4, 2010). Briefly, various relatives of deceased patients ("Plaintiffs") brought a putative class action against CMC, Universal Health Services, Inc. ("UHS"), and United Health Services of Delaware, Inc. ("UHS

---

[1] These two cases involve nearly identical allegations, arising out of similar circumstances, at two different local healthcare facilities in the aftermath of Hurricane Katrina. The Court has dealt with these cases in tandem given the overlapping legal issues, and will continue to do so.
[2] At the time of Hurricane Katrina, CMC included a one-story skilled nursing, rehabilitation and psychiatric facility located at 801 Virtue Street in Chalmette, Louisiana. A portion of this facility, known as the Virtue Street Campus, was leased to Lifecare Hospitals of New Orleans, Inc.

of Delaware") in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, Louisiana. Plaintiffs alleged negligence, intentional misconduct, and premises liability resulting in "unreasonably dangerous conditions/defects in and/or on the premises of Chalmette Medical Center in the wake of Hurricane Katrina." Class Action Petition for Damages at ¶ II, Exhibit 1 to Rec. Doc. 1 (Oct. 18, 2006).

On October 18, 2006, the Defendants timely filed a Notice of Removal. On November 17, 2006, the Plaintiffs filed a motion to remand. The Court, satisfied that it has jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (codified in various sections of 28 U.S.C.), denied the Plaintiffs' motion and issued a Case Management Order for Class Certification Issues. The Court conducted a class certification hearing and ultimately denied a motion to certify a class. *Rivers*, 2010 WL 2428662.

Having denied a motion to certify the class, the next question is, as one commentator has put it, "Now what?" G. Shaun Richardson, *Class Dismissed, Now What? Exploring the Exercise of CAFA Jurisdiction After the Denial of Class Certification*, 39 N.M. L. Rev. 121 (2009). According to Plaintiffs, the answer is remand to state court for lack of jurisdiction. Defendants take the position that remand is improper and that the Court retains jurisdiction under CAFA even after denying class certification.

## II. Law & Analysis

### A. Motions to Remand

The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Diversity jurisdiction is based on the claims in the state court petition as they existed at the time of

removal.  *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  If at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to state court.  28 U.S.C. § 1447(c).

**B.     Diversity Jurisdiction Pursuant to the Class Action Fairness Act**

Congress enacted the Class Action Fairness Act in 2005 "to encourage federal jurisdiction over interstate class action lawsuits of national interest."  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007); *see generally* Edward F. Sherman, *Class Actions after the Class Action Fairness Act of 2005*, 80 Tul. L. Rev. 1593 (2006).  CAFA grants federal diversity jurisdiction over class actions exceeding an aggregate $5,000,000 in controversy, with minimal diversity and more than 100 class members.  28 U.S.C. § 1332(d)(2), (d)(5).  The statute defines "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.* at § 1332(d)(1)(B).  This expanded grant of diversity jurisdiction allows removal of more class actions from state to federal court.  *See* Sherman, *Class Actions*, at 1595-96.

CAFA does not address what happens to a district court's jurisdiction if, after removal, it denies a motion to certify a class.  Until recently the federal district courts were divided on the matter.[3]  *Compare Clausnitzer v. Fed. Express Corp.*, 621 F. Supp. 2d 1266, 1270 (S.D. Fla. 2008) (finding no CAFA subject matter jurisdiction after denying class certification), *and*

---

[3] There are considerably more opinions on the subject than those cited here.  Plaintiffs performed a comprehensive survey of that case law, and the Court has cited only some of the typical examples.

*Salazar v. Avis Budget Group, Inc.*, No. 07-0064, 2008 WL 5054108, at *5 (S.D. Cal. Nov. 20, 2008) (same), *and Avritt v. Reliastar Life Ins. Co.*, No. 07-1817, 2009 WL 1703224, at *2 (D. Minn. June 18, 2009) (same), *with Allen-Wright v. Allstate Ins. Co.*, No. 07-4087, 2009 WL 1285522 (E.D. Pa. May 5, 2009) (finding jurisdiction), *and Genenbacher v. Century Tel Fiber Co. II, Inc.*, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007) (same).[4]

In the circuit courts, a consensus has begun to emerge. The Seventh, Ninth, and Eleventh Circuits have held that a district court retains CAFA jurisdiction over a case after class certification is denied. *U. Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). No circuit court of appeals has held that denying class certification divests the district court of CAFA jurisdiction.[5] In the aftermath of these circuit opinions, the tide at the district court level has shifted decisively in favor of finding jurisdiction post-denial. *See Weiner v. Snapple Beverage Corp.*, 2011 WL 196930 (S.D.N.Y. Jan. 21, 2011); *Long v. Dick's Sporting Goods, Inc.*, 2010 WL 2044524, at *1-2 (W.D. Ky. May 21, 2010); *Delsing v. Starbucks Coffee Corp.*, 2010 WL 1507642, at *2 (D. Minn. Apr. 14, 2010). However, the Fifth Circuit has not addressed the question and the Court

---

[4] The issue can also arise when, after removal to federal court, plaintiffs amend their complaint to delete any class allegations. *See Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 974-75 (W.D. Tex. 2008) (granting leave to amend to delete class allegations but denying motion to remand for lack of CAFA jurisdiction).

[5] The First Circuit hinted that might be the case in *In re TJX Companies Retail Sec. Breach Litig.*, 564 F.3d 489, 492 (1st Cir. 2009) (implying that denial of class certification "would in turn defeat subject matter jurisdiction based on the minimal diversity provisions of [CAFA]."). However, in a subsequent opinion the First Circuit described that comment as dicta, declared the issue an "open question," and declined to take a position. *See Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 42 (1st Cir. 2009).

can find no opinions from this District addressing the question. Accordingly, the Court will address the issue and contribute its two cents.

**C.     Analysis**

The arguments for and against post-denial CAFA jurisdiction have been fully developed in prior opinions, and the parties present them ably and succinctly. The Court will begin with the reasoning it finds controlling and then address and dismiss arguments to the contrary advanced by Plaintiffs and adopted by other district courts.

**1.     Continuing Jurisdiction Follows From the Plain Language of the Statute and Well-Settled Jurisdictional Principles**

The Court's continued jurisdiction post-denial follows from the plain language of CAFA. The Court has diversity jurisdiction if a civil action is a "class action" and there are minimally diverse parties, 100 claimants, and $5,000,000 aggregate in controversy. A "class action" is defined by CAFA as "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). The Court previously determined that all of these jurisdictional elements were satisfied at the time of removal (and that no exceptions applied) when the Court ruled on the first motion to remand. The facts as they existed at the time of removal have not changed since then; although the Court has held that the case cannot in fact proceed as a class action, the case was still *filed as* a class action with the requisite diversity of citizenship, claimants, and amount in controversy. Thus, denying class certification had no effect at all on the facts as they existed at the time of removal and the Court continues to have jurisdiction over this case.

Additional support and confirmation is found in the well-settled principle that once a court has diversity jurisdiction, subsequent developments do not divest it of jurisdiction. CAFA

is not a *sui generis* grant of jurisdiction, but rather a supplement to the diversity jurisdiction statute. *See* 28 U.S.C. § 1332(d); *see also In re Burlington N. Santa Fe Ry.*, 606 F.3d 379, 381 (7th Cir. 2010) ("CAFA is, at base, an extension of diversity jurisdiction."). Therefore the normal rules for analyzing diversity jurisdiction apply to CAFA cases. *See Genenbacher*, 500 F. Supp. 2d at 1015. Diversity jurisdiction is determined according to the jurisdictionally significant facts as they existed at the time of removal; post-removal changes to citizenship of the parties or the amount in controversy do not oust the court of jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 289-91 (1938); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (holding that the court does not lose jurisdiction over diversity case that was properly removed if subsequent events reduce amount in controversy below jurisdictional threshold).[6] "Certainly a denial of class certification is distinct from a change in citizenship or amount in controversy, but with no specific provision contained in the statute, we rely on the common law to assess 'developments' post-removal." *Allen-Wright*, 2009 WL 1285522, at *3. The post-removal denial of certification is not meaningfully different from a post-removal change of citizenship, and neither circumstance divests the Court of jurisdiction that was present at the time of removal.

Accordingly, the Court agrees with the circuit courts that have adopted this reasoning. *United Steel*, 602 F.3d at 1092 ("We think it more likely that Congress intended that the usual

---

[6] Of course, the rule is not without its exceptions:
> There are, it is true, exceptions to the principle that once jurisdiction, always jurisdiction, notably where a case becomes moot in the course of the litigation. Or, if the plaintiff amends away jurisdiction in a subsequent pleading, the case must be dismissed. And likewise if after the case is filed it is discovered that there was no jurisdiction at the outset–not that this is really an exception to the principle that jurisdiction, once it attaches, sticks; it is a case in which there never was federal jurisdiction.

*Cunningham*, 592 F.3d at 807.

and long-standing principles apply–post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing."); *Cunningham*, 592 F.3d at 807 ("Our conclusion vindicates the general principle that jurisdiction once properly invoked is not lost by developments after a suit is filed, such as a change in the state of which a party is a citizen that destroys diversity."); *Vega*, 564 F.3d at 1268 n.12 ("[J]urisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction."). The case was properly removed and the Court retains jurisdiction.

    **2.    Arguments to the Contrary Conflict With the Statutory Terms and Lead to Absurd Results**

A number of district courts have sidestepped *St. Paul Mercury* by holding that whether a case is a class action is not a jurisdictional fact to be determined as of the time of removal, but rather a legal determination that the court later makes. Those courts reason that if certification is denied, the case was never a class action to begin with and the court in fact did not have jurisdiction under CAFA at the time of removal. *E.g.*, *Salazar*, 2008 WL 5054108, at *5. This argument purports to be "analogous to diversity cases in which the court learns a party is actually from Arizona and not California, thereby destroying diversity" and "the *St. Paul Mercury* rule is inapplicable." *Id.* at *6.

This reasoning is unpersuasive. As noted above, a "class action" is "any civil action *filed* under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). The Court does not make a case a class action for the purposes of CAFA by certifying a class; plaintiffs do when they invoke Rule 23 or a similar procedural rule. *See Cunningham*, 592 F.3d at 806; *Allen-Wright*, 2009 WL

1285522, at *3.  The jurisdictional fact is how the case was filed.  That fact is fixed at the time of removal and will not change even though the Court determines that the case cannot actually be certified as a class.

Some cases have reached the same conclusion through statutory interpretation.  One CAFA subsection states that the statute "shall apply to any class action before or after the entry of a class certification order."  28 U.S.C. § 1332(d)(8).  Another subsection defines "class certification order" as "an order issued by a court *approving* the treatment of some or all aspects of a civil action as a class action." 28 U.S.C. § 1332(d)(1)(C) (emphasis added).  Some courts reason that if a court denies class certification, it has not issued and never will issue a "class certification order," and if a court will never enter a class certification order, then there will be no time "before or after the entry of a class certification order" for CAFA to apply.  *E.g. Avritt*, 2009 WL 1703224, at *2.

This statutory reading ignores the much simpler interaction between subsection (d)(2), which expressly grants original jurisdiction over any civil action that is a class action, and (d)(1)(B), which defines "class action" as "any civil action filed under rule 23 ... or similar State statute or rule."  Section 1332(d)(8), which states that CAFA "shall apply to any class action before or after the entry of a class certification order," does not purport to grant jurisdiction.  The Seventh Circuit offers the better interpretation of section (d)(8):

> .... Probably all this means is that the defendant can wait until a class action is certified before deciding whether to remove the case to federal court.  If (d)(8) said "the" instead of "a" class certification order, it might be thought to imply that the Act was limited to cases in which such an order was eventually issued.  But that would be inconsistent with (d)(1)(B), the section quoted above that defines class action as a suit filed under a statute or rule authorizing class actions, even though many such suits cannot be maintained as class actions because the judge refuses to certify a class.  As actually worded, (d)(8), insofar as it relates to jurisdiction at all (it doesn't mention the word–the conferral of

> jurisdiction is limited to (d)(2)), implies at most an expectation that a class will or at least may be certified eventually. ...
>
> Another section of the Act defines "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." § 1332(d)(1)(C).  Read in isolation from the rest of the Act, this could mean that in the absence of such an order a suit is not a class action.  But remember that jurisdiction attaches when a suit is *filed* as a class action, and that invariably precedes certification.  All that section 1332(d)(1)(C) means is that a suit filed as a class action cannot be *maintained* as one without an order certifying the class.  That needn't imply that unless the class is certified the court loses jurisdiction of the case.

592 F.3d at 806.  This reading of (d)(8) does not make it "a superfluous partial restatement of section 1332(d)(2)."  *Avritt*, 2009 WL 1703224, at *2.  While (d)(8) follows logically from the interaction of (d)(2) and (d)(1)(B), the fact that it clarifies a corollary proposition should not prompt the Court to strain to find some other meaning that directly undermines the express jurisdictional grant.

Furthermore, absurd results would follow if denying class certification defeats jurisdiction.  If Plaintiffs and the courts that have so held are correct, "after a class action is removed to federal court, jurisdiction would neither exist nor not exist" and would "float in some kind of suspended animation" until the court ruled one way or the other on class certification." *Delsing*, 2010 WL 1507642, at *2.  Congress cannot have intended that a case removed pursuant to CAFA be some kind of "Schrödinger's Class" subject to the vagaries of uncertain jurisdiction until such time as the court examines and rules on a motion to certify a class.  Class certification can involve costly discovery and time-consuming briefing, and the Court will not complicate matters further when the plain language of the statute and traditional jurisdictional principles lead to a much simpler conclusion.

### 3. Policy Favors Continuing Jurisdiction

Finally, courts and the parties make policy arguments for either outcome. First, there is the efficiency interest in keeping a case "in the system that first acquired jurisdiction." *Cunningham*, 592 F.3d at 807. Second, remanding to state court would risk undermining Congress's intention to have more class actions litigated in federal court. As courts have articulated in various ways, there is a danger that denying certification will invite plaintiffs to take another bite at the certification apple in state court under the same facts but potentially different certification standards, which could prompt a second removal. *See U. Steel Workers Int'l Union*, 602 F.3d at 1090 (describing "jurisdictional ping-pong game" after district court denied class certification and remanded); *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 568 & n.12 (W.D. Pa. 2010) (interpreting CAFA to avoid "merry-go-round problem").

Plaintiffs argue that there is no such risk in this case. They assert that since certification was denied, the majority of the members of the proposed class have since filed non-class suits in state court to vindicate their rights individually. Thus, there seems to be little risk that remand to state court would result in a class certified under state-court standards in contravention of Congress's purpose. Moreover, remand to state court could to some degree promote efficiency and consistency by putting all the claims in the same judicial system, although Defendants dispute the magnitude of any such benefits in this case. Regardless, the Court can retain jurisdiction while also coordinating with counterpart state-court litigation in the interest of mutual judicial efficiency.

One commentator has suggested that although courts retain jurisdiction after denying certification, they should abstain from exercising that jurisdiction over purely non-class state-law claims and remand to state court as a matter of comity and conservation of federal court resources. Richardson, *Class Dismissed*, 39 N.M.L. Rev. at 141-47. The Court is not aware of

any other courts which have found jurisdiction but declined to exercise it.  In light of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," the Court retains jurisdiction of this case.  *Colo. R. Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

For the foregoing reasons, Plaintiffs' motion to remand is DENIED.

New Orleans, Louisiana, this   2nd   day of   August  , 2011.

                                                UNITED STATES DISTRICT JUDGE